**James Daryl VERBOIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–93–00345–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 7, 1995.

---

W.B. House, Jr., Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before YATES, FOWLER and CANNON *, JJ.

## OPINION

YATES, Justice.

James Daryl Verbois (appellant) appeals from his conviction for driving while intoxicated. Upon a finding of guilty by a jury, the trial court assessed punishment at 180 days confinement in the Harris County Jail, probated for two years, and a $500.00 fine. Appellant brings five points of error challenging the trial court's admission of appellant's intoxilyzer test results into evidence.

Appellant was arrested and charged with the offense of driving while intoxicated, arising from an accident in which appellant was involved. Witnesses to the accident testified that appellant struck the rear end of another vehicle which was stopped at an intersection. Evidence was presented that appellant's demeanor fluctuated between calm and angry and that he failed the field sobriety tests administered to him following the accident.

Evidence also established that following his arrest, appellant was administered two intoxilyzer tests, the intoxilyzer was working properly at the time the tests were administered, and the tests revealed that the alcohol concentration in appellant's breath was .11 and .12.[1]

Appellant asserts in points of error one, two, and four that the test results were not relevant and were far more prejudicial than probative; thus, their admission violated rules 104(a) and (b), 401, 402, and 403 of the Texas Rules of Criminal Evidence. Appellant also alleges in points of error three and five that the judge erred in overruling his objection to the lack of a limiting instruction regarding the jury's consideration of the intoxilyzer test slip and that admission of the test slip served to deprive him of due course of law as guaranteed by Article I § 13 of the Texas Constitution. However, since appellant failed to brief points three and five he has not presented anything for this court to review and we will not address these points of error. TEX.R.APP.P. 74(f); *Ford v. State*, 870 S.W.2d 155, 157 (Tex.App.—San Antonio 1993, pet. ref'd).

We will consider appellant's first, second, and fourth points of error together. Appellant first asserts that the trial court erred in admitting the intoxilyzer test slip into evidence and by allowing testimony concerning the contents of the tests or their results. His contention is that the slip was not relevant to any question of his intoxication at the time of the accident. He further argues that even if the test slip was relevant, the results were far more prejudicial than probative in nature.

■ Relevant evidence is that evidence having a tendency to make the existence of

---

* The Honorable Bill Cannon sitting by Assignment.

1. The information in this case originally alleged that:

   [Appellant] heretofore on or about December 5, 1992 did then and there while intoxicated, namely not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, drive and operate a motor vehicle in a public place.

   [Appellant] heretofore on or about July 25, 1992 did then and there unlawfully while intoxicated, namely having an alcohol concentration of at least .10 in his breath, drive and operate a motor vehicle in a public place. However, prior to trial the state abandoned the second paragraph of the information and proceeded only on the first paragraph. The jury was charged in accordance with the definition of intoxication contained in the first paragraph (see f.n. 2).

any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R.CRIM.EVID. 401. Relevant evidence is generally admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. TEX.R.CRIM.EVID. 402; 403. Since Rule 403 favors admissibility of relevant evidence, the presumption is that relevant evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App.1990). The burden is on the opponent of the proffered evidence to demonstrate the negative attributes of the evidence and to show how these negative attributes substantially outweigh the probative value of the evidence. *Duckett v. State*, 797 S.W.2d 906, 914 (Tex.Crim.App. 1990). Further, "[a]n appellate court reviewing the trial court's decision [to admit certain evidence] may reverse it only for an abuse of discretion, i.e., only when it is outside the zone of reasonable disagreement." *Richardson v. State*, 879 S.W.2d 874 (Tex.Crim.App. 1993).

■ Appellant argues that since a State's witness conceded during cross-examination that the results from the intoxilyzer test, administered two and one half hours after appellant's accident, could not be extrapolated back to accurately measure intoxication at the time of the accident, they were not relevant for any purpose. We disagree. The witness, Sebastian Frommhold, a chemist for the Houston Police Department and the technical supervisor for the intoxilyzer, also testified that the intoxilyzer was working properly on the day of appellant's test and, more importantly, that the intoxilyzer only gives a reading if alcohol is present in the test subject's breath. If not, the test slip shows zero. Therefore, the slip was relevant in establishing that appellant had consumed alcohol prior to the incident because he had no opportunity to take in any alcohol after the accident.

Appellant next asserts that even if the evidence was relevant, its prejudicial nature outweighed any probative value. In support of this claim, he cites as authority cases that have held that because polygraph examinations are inherently unreliable and have the potential to be unduly persuasive, their results are inadmissible. *Reed v. State*, 522 S.W.2d 466 (Tex.Crim.App.1975); *Banda v. State*, 727 S.W.2d 679 (Tex.App.—Austin 1987, no pet.). He analogizes the intoxilyzer results in this case to polygraph examinations because of Frommhold's testimony that the intoxilyzer test results provide no proof of intoxication at the time of the accident. Additionally, appellant argues that there was no pressing need to resort to the test slip since the State presented abundant other evidence establishing his intoxication; including, four witnesses, two police officers and a video tape.

■ First, unlike polygraph tests, no evidence was presented in this case to show that intoxilyzer tests are inherently unreliable. Second, Frommhold testified that the test could not reliably be used in the given situation to determine the level of alcohol in appellant's system at the time of the accident. His testimony, coupled with the testimony of appellant's own expert witness that intoxilyzers can have erroneous test results eliminated the potential for undue persuasiveness. Finally, it was uncontroverted that the test results provided accurate evidence that *some* alcohol had been ingested prior to the accident. This was one of the essential elements that the State had to prove in order to convict appellant.[2] While we agree that there was abundant other evidence establishing appellant's intoxication; we *disagree* that there was abundant other evidence establishing that his intoxication was due to the introduction of alcohol into his body. In any event, it's irrelevant whether or not there was abundant other evidence on which the State could have relied in proving its case as

2. The jury was read the following charge:
"Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body. Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant, JAMES DARYL VERBOIS, on or about December 5, 1992, in Harris County, Texas, did while intoxicated, namely, not having the normal use of his mental or physical faculties by the reason of the introduction of alcohol into his body, drive or operate a motor vehicle in a public place, you will find the Defendant guilty.

this is not a factor in determining the admissibility of evidence. In conclusion, we cannot say that by *no reasonable perception of common experience* can it be concluded that the intoxilyzer test slip had *no tendency* to make the existence of a fact or consequence (i.e. the introduction of alcohol into appellant's body) more or less probable than it would otherwise be. *Perez v. State,* 830 S.W.2d 684, 687 (Tex.App.—Corpus Christi 1992, no pet.). As such, we cannot say that the trial court abused its discretion in admitting the intoxilyzer test results.

Appellant's first, second and fourth points of error are overruled. The judgment of the trial court is affirmed.