**Dawn Kuretsch STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–02–00314–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 8, 2003.

Discretionary Review Granted
July 2, 2003.

---

Stephanie L. Stevens, Center for Legal and Social Justice, Mark Stevens, Adriaan Jansse, Maria Ross, Phelicia Kossie, Center for Legal and Social Justice, Student Attorney, San Antonio, for appellant.

Kerrisa J. Chelkowski, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: CATHERINE STONE, Justice.

Dawn Stewart challenges her conviction for driving while intoxicated. On appeal, Stewart claims that the trial court erred by: (1) denying her requested jury instructions on the presumption of innocence and the law of intoxication; (2) admitting the results of an intoxilyzer test taken more than eighty minutes after she stopped driving; and (3) denying her challenge for cause of one of the venire members. Stewart also claims harmful error from the definition of intoxication given by the prosecutor during voir dire.

Because the trial court admitted the results of the breath test taken more than eighty minutes after Stewart stopped driving without also admitting corresponding extrapolation evidence, we reverse the trial court's judgment and remand the cause for further proceedings. Based upon our disposition of this issue, we need not reach Stewart's remaining contentions.

## FACTUAL AND PROCEDURAL BACKGROUND

At 11:30 p.m. on April 4, 1999, Officer Jeff Rodriguez observed Stewart driving on Highway 90. Rodriguez noticed that she was weaving in her lane and pulled her over after he witnessed various minor traffic infractions. He noticed that her eyes were glassy and that her breath smelled of alcohol, so he asked her to perform several field sobriety tests. The night was windy and the pair was forced to change locations when the wind and several trucks blew dirt and dust on them. After Stewart failed three of the seven field sobriety tests, Rodriguez arrested her.

At 12:51 and 12:53 a.m., Stewart submitted breath samples. Those samples showed an alcohol concentration of 0.160 and a 0.154, above the legal limit of 0.10. At trial, George McDougall, Bexar County's Breath Test Technical Supervisor, testified that he did not have enough information to determine what Stewart's alcohol concentration would have been at the time she drove. Although no retrograde extrapolation evidence was admitted to show what Stewart's alcohol concentration would have been eighty minutes before she submitted the breath samples, the results of the breath test were admitted into evidence at trial.

## ERROR ANALYSIS

Stewart submitted two breath samples more than eighty minutes after she stopped driving. McDougall testified that he had no information other than the breath test results. He admitted that he could not determine whether Stewart's alcohol concentration was higher, lower, or the same when she was driving because he did not know whether her body was absorbing or eliminating alcohol at the time of the test. He also admitted that he did not know Stewart's weight, the length of her drinking spree, or the time of her last drink, all of which would help determine whether Stewart's alcohol concentration level was rising or falling. Despite this lack of information, McDougall was allowed to testify that her alcohol concentration was 0.160 and 0.154 when she took the breath test.

█ The State argues that the Transportation Code requires admission of this evidence in every DWI case. *See* TEX. TRANSP. CODE ANN. § 724.064 (Vernon 2000) (codifying that "evidence of the alcohol concentration ... as shown by analysis of a specimen of the person's blood, breath, or urine or any other bodily substance taken at the request or order of a peace officer is admissible"). The State claims that because civil statutes trump the Rules of Evidence, the policy considerations of reliability, relevance, probative value, and prejudice codified in the Rules of Evidence do not apply. *See* TEX.R. EVID. 101(c). Cases interpreting that provision of the Transportation Code have found no intent on the part of the Legislature to remove a trial judge from the position of gatekeeper in a DWI case. *See Beard v. State*, —— S.W.3d ——, ——, 2002 WL 31116936, at *5 (Tex.Crim.App. Sept. 25, 2002). Therefore, in DWI cases, the trial court remains responsible for determining whether the results of an alcohol concentration test are reliable before admitting those test results into evidence. *See Mata v. State*, 46 S.W.3d 902, 908 (Tex.Crim.App.2001).

█ In order to find the results of an alcohol concentration test reliable, the trial court must find that: 1) the underlying scientific theory is valid; 2) the technique applying the theory is valid; and 3) the expert who applied the technique on the occasion in question did so properly. *Id.* The Texas Legislature, through the Transportation Code, and the Court of Criminal Appeals deem the scientific theory underlying breath tests of alcohol concentration

valid. *See Beard,* —— S.W.3d at ——, 2002 WL 31116936, at *6. Before breath test evidence will be admitted, however, the State must prove that the witness testifying about the breath test evidence can properly explain the theory and properly applied it on the occasion in question. *Id.* at ——, at *2. In this case, the trial court properly excluded all evidence of retrograde extrapolation because the State's witness did not have enough information to apply the technique and link the results of the breath test to the alcohol concentration in Stewart's system at the time she drove. The court erred, however, in admitting evidence of the breath test results.

■ The trial court erred in admitting the results of Stewart's breath test for three reasons. First, the results of this breath test were irrelevant. *See* Tex.R. Evid. 402; *see also Bagheri v. State,* 87 S.W.3d 657, 660 (Tex.App.-San Antonio 2002, pet. granted). Stewart submitted breath samples more than eighty minutes after she stopped driving. McDougall could not testify whether, based on the results of the breath test, Stewart was intoxicated when she drove. No retrograde extrapolation evidence was admitted linking the results of Stewart's breath test to her possible alcohol concentration levels at the time she drove. Without retrograde extrapolation to show whether her body was absorbing or eliminating alcohol at the time of the test, those test results are irrelevant to whether her alcohol concentration was more than 0.10 when she drove.

Secondly, based on the testimony McDougall provided about the breath test results, those results present no evidence. McDougall testified that Stewart's alcohol concentration could have been higher, lower, or the same at the time she drove. His testimony that no one result was more probable than another shows those results

to be no evidence. *Id.* (citing to other jurisdictions where results of intoxilyzer test taken more than one hour after the stop present no evidence). Because those test results are no evidence of whether she was intoxicated when she drove, the trial court erred in admitting them.

Finally, the trial court encouraged the jury to decide the case based on facts not in evidence. Retrograde extrapolation is a complex computation and specialized knowledge is required to perform the requisite calculations. *See Mata,* 46 S.W.3d at 916. By admitting the breath test results without also admitting expert testimony linking those results to Stewart's alcohol concentration at the time she drove, the court encouraged the jury to engage in its own crude retrograde extrapolation. By simply admitting the results of the breath test, the court encouraged the jury to decide the case based on facts not in evidence.

## HARM ANALYSIS

■ Admitting scientific evidence does not affect a defendant's constitutional rights. *See Bagheri,* 87 S.W.3d at 659. Therefore, this court will reverse only if it finds that admission of this evidence affected Stewart's substantial rights, that is, if there is a reasonable probability that the errors might have contributed to Stewart's conviction. *See* Tex.R.App. P. 44.2(b). This evidence was presented to the jury by the lone expert witness in the case. The prosecutor repeatedly argued that because Stewart's alcohol concentration was more than 0.10, she was intoxicated. This argument fails to make the connection that the offense requires a finding that the defendant was impaired or had an alcohol concentration of more than 0.10 *while operating a motor vehicle.* Additionally, the prosecutor repeatedly asked the jury in closing argument to "think about it," en-

couraging the jury to perform its own retrograde extrapolation. We have no assurance that the error in admitting the breath test evidence did not influence the jury or had but a slight effect. Based on this combination of errors, we cannot conclude beyond a reasonable doubt that this evidence did not influence the jury or had but a slight effect. *See Solomon v. State,* 49 S.W.3d 356, 365 (Tex.Crim.App.2001).

We therefore reverse the trial court's judgment and remand the cause for further proceedings.