Reversed and Remanded and Opinion filed September 23, 2003











Reversed and
Remanded and Opinion filed September 23, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00359-CR

_______________

 

THE STATE OF
TEXAS, Appellant

 

V.

 

MATTHEW REID MECHLER, Appellee

_______________________________________________________

 

On Appeal from County Court at Law No. 4

Fort Bend County, Texas

Trial Court Cause No. 91313

_______________________________________________________

 

O P I N I O
N

            In this driving while intoxicated case,
the State appeals the suppression of defendant Matthew Reid Mechler’s
intoxilizer results. 
The trial court suppressed intoxilizer
results, taken one and one-half hours after Mechler’s
arrest, concluding that the test results were unduly prejudicial without
retrograde extrapolation evidence.  We
reverse.

                                                                        Facts

            Fort Bend County Deputy Clarence
Golden observed Mechler roll through a stop sign and
drive erratically.  When he stopped Mechler, Deputy Golden smelled alcohol in Mechler’s truck.  Additionally,
Mechler moved sluggishly and his face was flushed,
which Deputy Golden testified are possible signs of intoxication.  Mechler admitted
drinking “a little” alcohol.  Deputy
Golden then administered field sobriety tests, and Mechler
failed twice.  By this time, Deputy
Golden also smelled alcohol on Mechler’s breath.  He arrested Mechler
and drove him to the Fort Bend County Sheriff’s Department.

            One and one-half hours after the
arrest, Deputy James Ressler administered an intoxilizer test to measure the concentration of alcohol in
Mechler’s breath. 
Mechler’s intoxilizers
revealed an alcohol concentration of .165 and .166, well over the legal limit
of .08.  Mechler was charged
by information with misdemeanor driving while intoxicated, alleging both
impairment and intoxication per se.  Tex. Pen. Code Ann. § 49.04(a) (Vernon
2003); see Tex. Penal Code Ann. § 49.01(2) (Vernon 2003).

            Mechler
filed a motion to suppress the results of his intoxilizer.  During the suppression hearing, a technical
supervisor for the Department of Public Safety admitted she could not provide
retrograde extrapolation testimony.[1]  Moreover, the State conceded this point.[2]  Such evidence would include Mechler’s food intake, weight, alcohol tolerance, typical
drinking pattern, elimination rate, and duration of his drinking spree.

            The trial court granted Mechler’s motion to suppress the intoxilizer
results based on the danger of undue prejudice in the absence of retrograde
extrapolation testimony.  The trial court
specifically cited Mata v. State, 46 S.W.3d 902 (Tex. Crim. App. 2001) and Texas Rule of Evidence 403 to support
its ruling.  It also noted that its
ruling was not based on the credibility of any witness.

Standard of Review

            A trial court’s ruling on a motion
to suppress is generally reviewed for abuse of discretion.  Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App.
1999).[3]  Where the application of the law to the facts
does not revolve around an evaluation of credibility and demeanor, we decide de novo whether the trial court erred by
misapplying the law to the facts.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In
the instant case, resolution of the suppression issues does not involve an
evaluation of credibility, and facts relating to the suppression issues are
undisputed.  Therefore, we apply a de novo review.  See
Dang v. State, 99 S.W.3d 172, 179 (Tex. App.—Houston [14th Dist.] 2002, no
pet.).

Trial Court’s Reliance on Mata

            In two points of error, the State
asserts that the trial court erred in suppressing the intoxilizer
results.  In its first point of error,
the State argues that the trial court erred because it relied on inapplicable
case law and ignored controlling precedent, contending that  the trial court based its suppression order
on an incorrect interpretation of the case law regarding admissibility of intoxilizer results. 
The State argues that the trial court erroneously read Mata to require retrograde extrapolation
for the admission of intoxilizer results.

            In the order suppressing Mechler’s intoxilizer results,
the trial court specifically noted the following:

Pursuant to the application
of Tex. R. Evid. 403 and Mata v. State, 46 S.W.3d 902 (Tex. Crim. App. 2001) to the facts of this case, the probative
value of the breath test results in this case was substantially outweighed by
the danger of unfair prejudice due to the State’s inability to present breath
test extrapolation evidence.

The
issue in Mata was whether retrograde
extrapolation testimony by the State’s expert, George McDougall, was reliable
under Texas Rule of Evidence 702.  In that case, the Court of Criminal Appeals
concluded that the trial court abused its discretion by admitting the testimony
extrapolating Mata’s intoxilizer results back to the
time he was driving because it was unreliable. 
The court found the testimony unreliable because McDougall (1) contradicted himself; (2) failed
to acknowledge contrary scientific evidence; (3) was inconsistent in his
testimony; (4) erred in his mathematical calculations; and (5) acknowledged
that all of his calculations were speculative. 
46 S.W.3d at 914–15. 
However, the results of the intoxilizer were
admissible.  The Court of Criminal
Appeals specifically declined to address the issue of whether extrapolation
testimony is necessary to admit intoxilizer results:

[W]e are not addressing
whether retrograde extrapolation is necessary in order for the State to prove a
defendant guilty in a DWI case.  Nor do
we address whether test results showing a defendant’s BAC at some time after the
alleged offense are admissible at trial in the absence of retrograde
extrapolation.  Our only concern today is
whether [the expert] reliably applied the science of retrograde extrapolation
in Mata’s case.

Id.
at 910. 

            The
San Antonio Court of Appeals requires retrograde extrapolation testimony for
the  admission of intoxilizer
results.  In Stewart v. State, 103 S.W.3d 483 (Tex. App.—San Antonio 2003,
pet. granted), the court
reasoned that unextrapolated intoxilizer
results were irrelevant, provided no evidence of whether the defendant drove
while intoxicated, and required the jury to assume facts not in evidence.[4] 

            In an unpublished opinion, the
Austin Court of Appeals stated that Mata
does not hold that admissible retrograde extrapolation evidence is a predicate
to admit intoxilizer results.  Ball v.
State, 2002 WL 1988250, at *3 (Tex. App.—Austin 2002, pet. ref’d) (not designated for publication).[5] 

            The Fort Worth Court of Appeals stated
retrograde extrapolation is not required to admit intoxilizer
test results if other evidence proves beyond a reasonable doubt that a person
was intoxicated when the offense occurred. 
Price v. State, 59 S.W.3d 297,
300 (Tex. App.—Fort Worth 2001, pet. ref’d).  In a subsequent unpublished opinion, the
court found that a trial court did not err in allowing the admission of intoxilizer results without retrograde extrapolation when
other evidence existed to indicate the appellant was intoxicated at the time he
was driving his car.  Torres v. State, 2003 WL 21283663, at *3
(Tex. App.—Fort Worth 2003, no pet.) (not designated for publication).  The El Paso Court of Appeals stated that the
argument regarding the necessity of retrograde extrapolation testimony has been
rejected by the courts of this state.  Carillo v. State, 2003 WL 1889943, at *7 (Tex.
App.—El Paso 2003, no pet.) (not designated for publication). 

            Although we are not bound by the
above decisions,[6] we
are persuaded by the preponderance of intermediate appellate courts that have
addressed this issue subsequent to Mata.  Because the Court of Criminal Appeals
specifically left open the question of whether retrograde extrapolation must
accompany intoxilizer results and Mata concerned the admissibility of
expert testimony rather than test results, we find that Mata is inapplicable to the issues raised in the instant case.  Accordingly, we hold that the trial judge erred in suppressing Mechler’s intoxilizer results
based on Mata.

Controlling Precedent

            The State also argues that the trial
court ignored controlling precedent by allowing suppression of Mechler’s intoxilizer
results.  In particular, the State
asserts that the suppression order relying on Mata directly contravenes case law from this Court, from the
Supreme Court of Texas and from the Texas Court of Criminal Appeals.[7]  Mechler counters
that the cases the State advances pre-date Mata
and are thus unavailing. 

            As discussed above, the issue in Mata was the admissibility of expert
testimony under Texas Rule of Evidence 702. 
Mechler’s argument that the cited cases
pre-date Mata is inapposite because
the Court of Criminal Appeals, in that case, explicitly decided not to address
the issue of admissibility of intoxilizer results in
the absence of extrapolation.  Therefore,
whether a case allowing intoxilizer results without
extrapolation was decided prior to or subsequent to Mata is irrelevant.

            Accordingly, if the trial court
ordered suppression of Mechler’s intoxilizer
results while case law requires their admission, the State is correct in
asserting that the trial court ignored controlling precedent.  The admissibility of intoxilizer
results in a DWI case is prescribed by statute. 
In a DWI case, evidence of alcohol concentration as shown by analysis of
a specimen of the person’s blood, breath, or urine or any other bodily
substance taken at the request or order of a peace officer is admissible.  Tex.
Transp. Code Ann. § 724.064 (Vernon 2003).  Nothing in
Texas’s DWI statutory framework specifically mandates extrapolation
evidence.  Mireles v. Tex. Dep’t of Public Safety, 9 S.W.3d 128, 130 (Tex.
1999).  In Annis v. State, the court dismissed the argument that an intoxilizer test administered one hour and twenty minutes
after a defendant’s arrest is of  “no
meaning.”  578 S.W.2d 406, 407 (Tex. Crim. App. 1979). 
The court has also stated that it has never accepted the argument that intoxilizer results are irrelevant to show the subject’s
BAC at the time of the stop in the absence of retrograde extrapolation
testimony. Beard v. State, 2002 WL
31116936, at *4 (Tex. Crim. App. 2002), opin. withdrawn on reh’g,
2003 WL 21350757 (Tex. Crim. App. 2003).

            We have previously held[8] that
unextrapolated intoxilizer
results were relevant, not unduly prejudicial, and admissible.  Verbois v. State,
909 S.W.2d 140 (Tex. App.—Houston [14th Dist.] 1995, no pet.). 
In that case, we found intoxilizer results,
taken two and one-half hours after a traffic accident, were (1) relevant to
show the defendant had consumed alcohol prior to the accident and (2) not
unduly persuasive because the State’s expert witness testified that the test
could not reliably determine defendant’s BAC at the time of the accident and
the defendant’s expert testified that the test can have erroneous results. 

            In the instant case, Mechler performed the intoxilizer
one and one-half hours after his arrest. 
The State has conceded that it does not possess the required information
to perform a proper retrograde extrapolation. 
Mechler is not precluded from offering expert
testimony regarding erroneous test results or on the theory that his BAC was
actually lower while he was driving.  For
reasons of efficiency, fairness, and legitimacy, a court must adhere to its
precedents.  Weiner v. Wasson, 900 S.W.2d 316, 320
(Tex. 1995).  Verbois is a
precedent that we are bound to follow.  Id. 
The trial judge’s suppression order contravenes the holding in that
opinion. 

            The State’s first point of error is
sustained.

Trial Court’s Reliance on Rule 403

            In its second point of error, the
State argues that the trial court erred by excluding Mechler’s
intoxilizer results based on Texas Rule of Evidence
403 because there was no substantial danger of unfair prejudice in clear
disparity with the strong probative value of his high BAC an hour and a half
after his arrest. 

            Although admissible, evidence may be
excluded if its relevance is outweighed by a danger that it will unfairly
prejudice, confuse, or mislead the jury, if its inclusion will result in undue
delay, or if it is needlessly cumulative. 
Tex. R. Evid. 403.  Rule 403 presumes the admissibility of all
relevant evidence and authorizes a trial court to exclude this evidence only
when there is a clear disparity between the degree of prejudice of the offered
evidence and its probative value.  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). 
The relevant criteria in determining whether the prejudice of admitting
evidence outweighs its probative value include the following: (1) how
compellingly the evidence makes a fact of consequence more or less probable;
(2) the potential the evidence has to impress the jury in an irrational but
nevertheless indelible way; (3) the time the proponent will need to develop the
evidence, during which the jury will be distracted from consideration of the
indicted offense; and (4) the proponent’s need for the evidence to prove a fact
of consequence, i.e., does the
proponent have other probative evidence available to him to help establish this
fact, and is this fact related to an issue in dispute.  Id.
(citing Montgomery v. State, 810
S.W.2d 372, 389–90 (Tex. Crim. App. 1991) (op. on reh’g)).[9]

            In the information charging Mechler with misdemeanor DWI, the State alleged both
impairment and intoxication per se.  A
person commits an offense if the person is intoxicated while operating a motor
vehicle in a public place.  Tex. Pen. Code Ann. § 49.04 (a) (Vernon 2003).  “Impairment” and “per se” are alternate
definitions of “intoxication.” 
Impairment means not having the normal use of mental or physical
faculties by reason of the introduction of alcohol into the body.  Tex.
Pen. Code Ann. § 49.01(2)(A).  To prove impairment, the
State generally relies on eyewitness testimony and field sobriety tests.  Per se intoxication is having an alcohol
concentration of .08 or more.  Tex. Pen. Code Ann. § 49.01(2)(B).[10]  Per se is generally proved by the results of a
breath test performed with an intoxilizer.  Once the State proves a BAC of .08, the
defendant is deemed intoxicated at the moment
the test is performed.  The State
must still prove the defendant was intoxicated while operating a motor vehicle. 
See Railsback
v. State, 95 S.W.3d 473, 479 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (a .08 blood alcohol level at the time of driving constitutes intoxication).




 








Are Mechler’s Intoxilizer Results Probative Evidence That He Was

Intoxicated When He Took The Test?

 

            The Corpus Christi Court of Appeals
has found intoxilizer results probative.  See
Doyle v. State, 24 S.W.3d 598, 601 (Tex. App.—Corpus Christi 2000, pet. ref’d)
(finding no unfair prejudice that outweighs their clear probative
value).  The Austin Court of Appeals has
found a BAC of .10 probative evidence of a loss of faculties.  Daricek v. State,
875 S.W.2d 770, 773 (Tex. App.—Austin 1994, pet. ref’d).  This Court has found intoxilizer
results probative evidence that alcohol had been consumed.  Verbois, 909
S.W.2d at 142. Mechler argues that the probative
value of the intoxilizer results is slight in the
absence of evidence showing the reliability of the scientific theory underlying
retrograde extrapolation. In the first place, the Court of Criminal Appeals has
stated that retrograde extrapolation can be reliable if the factors in Mata are satisfied.  Mata,
46 S.W.3d at 915.  The State, in this
case, has conceded that it does not have the ability to meet those Mata factors and thus will not be
presenting retrograde extrapolation evidence. 
Therefore, the scientific reliability of extrapolation theory is not an
issue here.  We conclude the intoxilizer results are probative as to both the per se and
the impairment definition of intoxication.

Will the Jury be Impressed in
an Irrational Way?

            The jury must determine whether Mechler was intoxicated while he was driving.  His intoxilizer
results will only show that he was intoxicated, according to the per se
definition, when he performed the intoxilizer
test.  A jury must still be convinced
beyond a reasonable doubt that an inference can be made from the results of the
chemical test that a defendant had a .10 alcohol concentration in his body at
the time of the offense.  Owen v. State, 905 S.W.2d 434, 439 (Tex.
App.—Waco 1995, pet. ref’d) (citing Forte v. State, 707 S.W.2d 89, 93 (Tex. Crim. App. 1986)).  A
properly worded instruction that the State must prove the defendant was
intoxicated while driving would be appropriate. 
Cf. Bagheri,  87 S.W.3d 657, 659 (Tex. App.—San Antonio
2002, pet. granted) (en banc).  

            We have previously held that
testimony about limits of the intoxilizer for
determination of alcohol level at the time of driving, in addition to the
defendant’s expert testimony regarding possible erroneous test results,
“eliminated the potential for undue persuasiveness.”  Verbois, 909 S.W.2d at 142. 
Contrary to Mechler’s assertion, the jury will
not be confused or misled in the absence of evidence regarding the scientific
reliability of retrograde extrapolation. 
Because the State will not present retrograde extrapolation evidence, the
jury will not have a chance to be misled by it. 

            We find that admission of Mechler’s intoxilizer results
will not tend to impress the jury in an irrational way if the trial court correctly instructs the
jury that, in order to convict him, it must find both that Mechler
was intoxicated and that he drove while intoxicated.

Will The State Require an Inordinate Amount of Time 

to Develop the Intoxilizer Evidence?

 

            The State may prove Mechler was intoxicated while he was driving either by
presenting evidence that he lost his faculties due to the introduction of
alcohol or he had a BAC of .08 or more at the time of the offense.  The proof needed to show the “loss of
faculties” offense and the “per se” offense are not mutually exclusive.  Owen,
905 S.W.2d at 438 (citing Daricek, 875 S.W.2d at 772). 
Clearly, a test showing that blood had a .10 alcohol concentration is
probative evidence of a loss of faculties. 
Id.  Conversely, evidence of his failure to
pass field sobriety tests immediately after driving his vehicle tends to make
it more probable that the failed blood test or breath test taken an hour later
accurately reflect the driver’s condition at the time of the offense.  Id.

            Mechler
argues that the State will need to devote time to develop the reliability of
its extrapolation evidence.  Again,
during the suppression hearing, the State acknowledged its inability to present
retrograde extrapolation evidence in compliance with the Mata test. Because it will not present extrapolation testimony, the
State will not require any time to develop its reliability.  Because Mechler’s intoxilizer results are evidence of his intoxication under
both the impairment and the per se definitions of intoxication and because the
State will not devote any time to explaining the theory of retrograde
extrapolation, we find an undue amount of time will not be required to develop
the intoxilizer evidence.

Does The State Need the
Evidence?

            The State may attempt to prove Mechler was intoxicated by introducing his intoxilizer results or eyewitness testimony regarding his
loss of faculties.  The arresting
officer, Deputy Golden, testified that he witnessed Mechler
roll through a stop sign and drive erratically and that he smelled alcohol
emanating from Mechler’s vehicle and breath.  Deputy Golden also testified that Mechler had trouble with divided attention tasks, failed
field sobriety tests, and admitted to drinking “a little.”  Nevertheless, the State maintains its need
for the intoxilizer results to prove Mechler had introduced alcohol into his system and to
preclude the jury from entertaining the notion he had only “a little” to
drink.  Mechler
contends the arresting officer’s testimony that he (1) failed field sobriety
and horizontal gaze nystagmus tests and (2) smelled of alcohol is adequate
evidence to prove this fact of consequence. 
We agree with Mechler that the State’s need
for this probative evidence is “not great” because it has other probative
evidence to establish the fact of his intoxication.

            After balancing the above factors, and following Verbois and the
majority of intermediate appellate courts that have addressed this issue in DWI
cases, we conclude that there is not a clear disparity between the degree of
prejudice of unextrapolated intoxilizer
results taken one and one-half hours after arrest and their probative value.  The State’s second point of error is
sustained. 

            Accordingly, we hold that the trial
court erred in suppressing the results of the intoxilizer
test based on Texas Rule of Evidence 403.




            The judgment of the trial court is
reversed.

 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Opinion filed
September 23, 2003.

Panel consists of Justices Edelman,
Seymore and Guzman.

Publish — Tex. R. App. P. 47.2(b).

 











            [1]  Retrograde extrapolation is the computation back in
time to estimate the blood-alcohol level at the time of driving based on a test
result from some time later.  Mata v. State, 46 S.W.3d 902, 908–09
(Tex. Crim. App. 2001).





            [2]  The State’s attorney mentioned that there might be a witness
who would be able to provide the details required by Mata for a proper retrograde extrapolation.  However, the State’s brief focuses on the
admissibility of intoxilizer results in the absence
of retrograde extrapolation.  Should the
State produce such a witness, the Mata
factors must be satisfied prior to admission of retrograde extrapolation
testimony. 





            [3]  Appellee argues that the proper standard of review is
abuse of discretion and that the trial court’s ruling should be sustained if it
is correct under any theory of law applicable to the case per Romero v. State, 800 S.W.2d 539 (Tex. Crim. App. 1990). 
After reviewing the record, we find that the suppression ruling is not
correct under any theory of law applicable to the case.  Moreover, because the trial court entered
findings of fact and conclusions of law, the “correct under any theory of law”
precept is inapplicable to this case.  See State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000).





            [4]  On petition for review, two of the three issues to be
addressed by the Court of Criminal Appeals are whether (1) the San Antonio
court erred by holding that the trial court improperly admitted appellant’s intoxilizer test results and (2) intoxilizer
test results are relevant and admissible in a driving while intoxicated case
when the State offers no retrograde extrapolation testimony.





            [5]  The effect of Tex.
R. App. P. 47.7, which provides for the citation to unpublished opinions
even if they are of no precedential value, is to
afford parties more flexibility in pointing out the reasoning employed in such
opinions rather than simply arguing, without reference, the same
reasoning.  See Carillo v. State, 98 S.W.3d 789, 794
(Tex. App.—Amarillo 2003, pet. ref’d).





            [6]  In Cannon v.
State, the Court of Criminal Appeals reaffirmed that “courts are not bound
by decision of other courts of equal jurisdiction. The power to establish
precedent is lodged in courts of superior jurisdiction.”  691 S.W.2d 664, 679–80 (Tex. Crim. App. 1985).





            [7]  The State cites the following as controlling authority
for admission of intoxilizer results without
retrograde extrapolation: Forte v. State,
707 S.W.2d 89 (Tex. Crim. App. 1986); Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); Dorsche v. State,
514 S.W.2d 755, 756–57 (Tex. Crim. App. 1974); Mireles v. Tex. Dept. of Public Safety, 993
S.W.2d 426 (Tex. App.—San Antonio 1999), aff’d, 9 S.W.3d 128 (Tex. 1999); Verbois v. State, 909 S.W.2d 140 (Tex.
App.—Houston [14th Dist.] 1995, no pet.).





            [8]  See also
Garcia v. State, 2003 WL 21803309, at *6 (Tex. App.—Houston [14th
Dist.] 2003, no pet. h.) (finding trial court did not err in refusing to
suppress BAC test results in the absence of retrograde extrapolation). 





            [9]  Montgomery dealt
specifically with the admissibility of extraneous offenses under Tex. R. Evid. 404(b), but its
pronouncements regarding Tex. R. Evid. 401,
Tex. R. Evid. 402, and Tex. R. Evid. 403 are applicable when
addressing the admissibility of evidence in general.  Long v.
State, 823 S.W.2d 259, 271 (Tex. Crim. App.
1991).





            [10]  Previously, the
blood-alcohol legal limit was .10.  Act
of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01,
1993 Tex. Gen. Laws 3696, amended by Act of May 28, 1999, 76th Leg., R.S., ch. 234, § 1, 1999 Tex. Gen. Laws 1082 (revising legal limit
to .08).