IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 324-03






DAWN KURETSCH STEWART, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY






 Price, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 I write separately for two reasons: first, because the majority does not fully discuss
the law governing the admissibility of the evidence, and second, because I believe the trial
court erred in allowing the State to present the breath test results without demonstrating
that the appellant's blood alcohol concentration was greater than 0.10 while she drove. I
dissent because I conclude that the appellant was harmed by the admission of the breath test
results into evidence.

 The breath test results were inadmissible in this case because, although they were
relevant under Texas Rule of Evidence 401, without retrograde extrapolation evidence, the
results were substantially more prejudicial than probative under a Texas Rule of Evidence
403 analysis. Pursuant to Rule 401, "'Relevant evidence' means evidence having any
tendency to make the existence of any fact that is of consequence to the determination of
the action more probable or less probable than it would be without the evidence." This
means the evidence must be both material and tend to prove the proposition for which it is
offered. (1) To be material, evidence must support a proposition that is either provable or a
controlling matter. (2) Here, the breath test results were material in that the appellant's
consumption of an intoxicating substance was a controlling matter to her conviction for
driving while intoxicated. The evidence, even in the absence of retrograde extrapolation
evidence, tends to prove the appellant had, at the very least, consumed alcohol before the
breath tests were administered. But just the fact that the appellant had consumed alcohol at
some time before the breath tests were administered, does not establish that she was
intoxicated at the time she drove. Therefore, I believe the breath test results were of
limited relevance. Without retrograde extrapolation evidence, the tests were relevant only
for the limited purpose of demonstrating that the appellant had consumed alcohol at some
time before the tests were administered.

 Yet relevancy does not end the inquiry in determining whether the disputed evidence
is admissible because the appellant objected on the basis of Texas Rule of Evidence 403, as
well. In addition to being relevant, the evidence must clear the additional bar set by Rule
403. Rule 403 permits the exclusion of otherwise relevant evidence, "if its probative value
is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative issues." The breath test results do not pass muster under Rule 403 because they
present a substantial danger of unfair prejudice.

 The breath test results are prejudicial because they led the jury to an inference,
which the trial court found that the State could not prove through retrograde extrapolation
evidence, namely, that because appellant scored greater than 0.10 on the breath tests, she
was intoxicated at the time she drove. Additionally, the breath test results are prejudicial
because "[t]he prosecutor repeatedly argued that because Stewart's alcohol concentration
was more than 0.10, she was intoxicated." (3) As the Court of Appeals astutely described in
its opinion below, in the absence of retrograde extrapolation evidence, "[t]his argument
fails to make the connection that the offense requires a finding that the defendant was
impaired or had an alcohol concentration of more than 0.10 while operating a motor
vehicle." (4) This connection is a required element the State must prove in a driving while
intoxicated case. 

 A person may be convicted of driving while intoxicated only "if the person is
intoxicated while operating a motor vehicle." (5) In order to prove a person is intoxicated, the
State must demonstrate either that, at the time in question, the individual had a blood
alcohol level of 0.10 or more, or that the individual did "not have[] the normal use of mental
or physical faculties by reason of the introduction of alcohol[] . . . into the body." (6) In the
absence of retrograde extrapolation testimony, the breath test results are relevant only to
whether the appellant consumed alcohol before the breath tests were administered and not
evidence of her intoxication at the time she drove. 

 Without the retrograde extrapolation evidence, the State was required to prove
intoxication, not by demonstrating that she had a blood alcohol concentration of 0.10, but
by demonstrating that the appellant did not the have normal use of her faculties by reason of
introduction of alcohol into her body. Consequently, while the breath test results were
probative of the appellant's introduction of alcohol into her body, they were not proof of
appellant's intoxication at the time that she drove. (7) The probative value of the breath test
evidence in demonstrating the appellant's consumption of alcohol is substantially
outweighed by the unfair prejudice associated with scoring 0.160 or 0.154 on a breath test. 
Additionally, the State's argument that the appellant was driving while intoxicated because
her blood alcohol concentration was greater than 0.10 only added to the substantial
prejudice inherent in the initial admission of the breath test results. In sum, the breath test
results were inadmissible because their probative value was substantially outweighed by the
danger of unfair prejudice.

 I agree with the Court of Appeals that the trial court erred in admitting the evidence,
albeit for different reasons. Additionally, I believe that the Court of Appeals was correct in
concluding that the appellant was harmed by the trial court's error. The admission of the
breath test results is nonconstitutional error, and under Texas Rule of Appellate Procedure
44.2(b), a reviewing court should disregard any error that does not affect the appellant's
substantial rights. We have interpreted this to mean that the conviction should not be
reversed when, after examining the record as a whole, the reviewing court has a fair
assurance that the error did not influence the jury or had but a slight effect. (8)

 After reviewing the entire record, I do not believe it is a fair statement to say that the
erroneous admission of the breath test results did not influence the jury or had only slight
effect. The State was required to prove that the appellant was driving while intoxicated in
one of three ways. First, the State could have demonstrated that the appellant had a blood
alcohol concentration of 0.10 at the time she drove. Because the State could not prove
appellant's intoxication - either through retrograde extrapolation or otherwise - at the time
she drove, the appellant could not be convicted of driving while intoxicated under this
theory of guilt. Second, the State could have demonstrated that the appellant was
intoxicated at the time she drove by demonstrating that she lost control of her mental
faculties. This too the State could not prove. Rather, the arresting officer testified that he
had no opinion one way or the other regarding whether the appellant had the normal use of
her mental faculties. Finally, the State was left with demonstrating that the appellant was
intoxicated through the loss of control of her physical faculties. The State presented a
video of the appellant's driving and subsequent sobriety tests. The evidence presented at
trial demonstrated that the appellant passed four of the seven field sobriety tests. I cannot
say that this evidence overwhelmingly demonstrated the appellant's loss of her physical
faculties. In sum, after reviewing the record as a whole, I do not have a fair assurance that
the erroneous admission of the breath test results did not influence the jury or had but a
slight effect.

 While the breath test results were relevant evidence in tending to prove that the
appellant had consumed alcohol before she drove, because the State could not prove that
the appellant was intoxicated at the time she drove through the test results, their probative
value was limited. The evidence should not have been admitted by the trial court because its
limited probative value was substantially outweighed by the danger of the unfair prejudice
associated with scoring 0.160 and 0.154 on the breath tests. Because the jury could not
have avoided the prejudicial influence of the evidence, the appellant was harmed by the
erroneous admission of the breath test results. For the foregoing reasons, I respectfully
dissent.


Filed: March 3, 2004

Publish
1. Cathleen C. Herasimchuk, Texas Rules of Evidence Handbook 194 (3d ed. 1998).
2. Ibid.
3. Stewart v. State, 103 S.W.3d 483, 486 (Tex. App.-San Antonio 2003).
4. Ibid. (emphasis in original).
5. Tex. Pen. Code § 49.04(a). 
6. See Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3696,
(amended 1999) (current version at Tex. Pen. Code § 49.01).
7. See Manning v. State, 114 S.W.3d 922, 929 (Tex. Crim. App. 2003) (Price, J., concurring).
8. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).