**Opinion issued July 26, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00696-CR

————————————

**STEVEN HENRY YOUNG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1296511**

---

## MEMORANDUM OPINION

A jury found Steven Young guilty of driving while intoxicated as a third offender, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West & Supp. 2011). The trial court assessed his punishment at thirty years'

confinement. In a single issue, Young contends on appeal that the trial court erred in admitting the retrograde extrapolation testimony of the State's expert, Tina Taylor, which the State introduced as proof of Young's blood-alcohol level. Finding that any error did not affect Young's substantial rights, we affirm.

## Background

Officer J. Hill, a sixteen-year veteran of the Deer Park Police Department, was on patrol in the early morning hours when saw a black Chevrolet Suburban make a wide right turn in violation of state traffic law. Officer Hill pulled the truck over. Young, the driver, explained that he was driving a friend home from a saloon. Officer Hill noted that Young smelled of alcohol and had slurred speech, and red, glassy eyes. Young submitted to some field sobriety testing, but after a couple of tests, he began to give excuses for not continuing, saying that he was too nervous and that he was injured. Young's results for the tests he completed were consistent with those of a person impaired by alcohol intoxication. Officer Hill arrested Young for driving while intoxicated, placed him in the back of his patrol car, and drove to the jail.

At the jail, Young agreed to submit to a breath test. Tina Taylor, the technical supervisor in charge of Deer Park's breath test program testified about the data retrieved by the breath testing instrument and its interpretation for estimating a defendant's blood alcohol level:

2

STATE:    If knowing that someone is .11 at 3:57 a.m., is there a calculation that you can do that would determine whether or not it is physically capable for them to be underneath a .08 at 3:00 a.m.

TAYLOR:   We can make that estimation, yes, ma'am.

STATE:    Would you tell the jury how you make those estimations?

TAYLOR:   Using some known elimination rates and absorption times that are acceptable in the scientific field, we can make some estimations of the range within which the subject could have been.

STATE:    Based on your training and experience, do you have an opinion as to what the range would have been for a person weighing approximately 200 pounds with these breath test results at this time?

TAYLOR:   Yes, ma'am.

STATE:    What is that opinion?

TAYLOR:   It would have been between .09 —

DEFENSE COUNSEL:  Your honor, I object to this under *Mata*.[1] She has to have more factors than just the weight to extrapolate back to driving time.

COURT:    Overruled.

DEFENSE COUNSEL:   I'm sorry?

COURT:    Overruled.

STATE:    What is that opinion.

TAYLOR:   Between a .097 and a .137.

---

[1] Defense counsel refers to *Mata v. State*. 46 S.W.3d 902, 917 (Tex. Crim. App. 2001) (holding that trial court erred in admitting testimony of state's expert, who, in applying retrograde extrapolation analysis, failed to consider sufficient factors to obtain reliable result).

STATE:      Just so we're clear for the record, that calculation is not what is considered retrograde extrapolation, correct.

TAYLOR:   Correct.  These are just an estimation.

STATE:      In order to conduct retrograde extrapolation, you would actually need more information, correct?

TAYLOR:   Yes, ma'am.

Q.             From the person who gave the subject?

TAYLOR:   Correct.

STATE:      I'm sorry.  The subject who gave the test.

TAYLOR:   Correct.  Yes ma'am.

STATE:      What was the range in this case based on your calculation?

TAYLOR:   The range was .097 to .137.

Young's sole issue on appeal concerns this testimony.

## Discussion

Young complains that the trial court erred in admitting Taylor's testimony because it did not satisfy the reliability requirement for expert testimony under Texas Rule of Evidence 702.  The State contends that Young's failure to object to the State's second question asking Taylor for the range she calculated resulted in his waiver of this complaint.  *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Even assuming that Young had preserved this complaint, however, no reversible error occurred.

Retrograde extrapolation is the computation back in time of the blood-alcohol level—that is, the estimation of the blood-alcohol level at the time of driving based on a test result from some later time. *Mata v. State*, 46 S.W.3d 902, 908–09 (Tex. Crim. App. 2001). In *Mata*, the Court of Criminal Appeals reversed the trial court's denial of the defendant's motion to suppress the State's proffered retrograde extrapolation opinion testimony, because the expert testimony proffered under the guise of the test was unreliable. The Court declared that a trial court considering the reliability of retrograde extrapolation should consider (a) the length of time between the offense and the test(s) administered; (b) the number of tests given and the length of time between each test; and (c) whether, and to what extent, any individual characteristics of the defendant were known to the expert in providing his extrapolation. *Id.* at 916. In the case before it, the Court held that the retrograde extrapolation opinion was unreliable because the single test occurred more than two hours after the defendant's arrest, and the expert did not consider any of the defendant's personal characteristics, such as whether he had eaten, how much he had to drink, when he had his last drink, the length of his drinking spree, or his weight. *Id.* at 917.

The erroneous admission of retrograde extrapolation testimony is non-constitutional error. *Bagheri v. State*, 119 S.W.3d 755, 762–63 (Tex. Crim. App. 2003). Error in the admission of evidence is non-constitutional error subject to a

harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b) (West 2003); *Jabari v. State*, 273 S.W.3d 745, 754 (Tex. App.—Houston [1st Dist.] 2008, no pet); *see Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Under that analysis, we disregard any non-constitutional error that does not affect substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). Appellate courts should not overturn a criminal conviction for non-constitutional error if the court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but slight effect. *See Johnson*, 967 S.W.2d at 417. The improper admission of evidence does not constitute reversible error if other properly admitted testimony proves the same facts. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999).

Here, the officer took Young's first breath sample less than an hour after the traffic stop, and took another sample less than five minutes after the first. The results of the samples showed Young's blood-alcohol level at 0.137 and 0.117, both well over the legal limit of 0.08. A breath test result showing an alcohol concentration above the legal limit can be probative evidence of an impairment of faculties. *See Maxwell v. Sate*, 253 S.W.3d 309, 317 (Tex. App.—Fort Worth

6

2008, pet. ref'd); *Garcia v. State*, 112 S.W.3d 839, 850–51 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *see Verbois v. State*, 909 S.W.2d 140, 142 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (test results showing alcohol concentration of 0.11 two-and-a-half hours after driving were relevant to prove defendant consumed alcohol prior to driving). In addition, Young admitted to having had beer. When he stopped Young, Officer Hill testified, Young smelled of alcohol and had glassy eyes and slurred speech. Officer Hill recounted that the field sobriety tests showed that Young was intoxicated, and the jury was able to see the signs of Young's impairment on the videotape of the stop taken from Officer Hill's patrol car.

The jury charge instructed that "intoxicated" means

(A)   not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of these substances, or any other substance into the body; or

(B)   having an alcohol concentration of 0.08 or more. . . .

Under this instruction, the jury need not have considered the retrograde extrapolation testimony at all; other evidence amply supports a finding that Young did not have the normal use of his mental or physical faculties as a result of consuming alcohol.

## Conclusion

We hold that the trial court's admission of the retrograde extrapolation testimony did not affect Young's substantial rights. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).