**The STATE of Texas, Appellant,**

**v.**

**Matthew Reid MECHLER, Appellee.**

**No. 14–02–00359–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 23, 2003.

Rehearing Overruled Nov. 25, 2003.

David Christopher Newell, Richmond, for The State of Texas.

Allan A. Cease, Sugar Land, Brian W. Wice, Houston, for appellees.

Panel consists of Justices EDELMAN, CHARLES W. SEYMORE and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

In this driving while intoxicated case, the State appeals the suppression of defendant Matthew Reid Mechler's intoxilizer results. The trial court suppressed intoxilizer results, taken one and one-half hours after Mechler's arrest, concluding that the test results were unduly prejudicial without retrograde extrapolation evidence. We reverse.

## FACTS

Fort Bend County Deputy Clarence Golden observed Mechler roll through a stop sign and drive erratically. When he stopped Mechler, Deputy Golden smelled alcohol in Mechler's truck. Additionally, Mechler moved sluggishly and his face was flushed, which Deputy Golden testified are possible signs of intoxication. Mechler admitted drinking "a little" alcohol. Deputy Golden then administered field sobriety tests, and Mechler failed twice. By this time, Deputy Golden also smelled alcohol on Mechler's breath. He arrested Mechler and drove him to the Fort Bend County Sheriff's Department.

One and one-half hours after the arrest, Deputy James Ressler administered an intoxilizer test to measure the concentration of alcohol in Mechler's breath. Mechler's intoxilizers revealed an alcohol concentra-

tion of .165 and .166, well over the legal limit of .08. Mechler was charged by information with misdemeanor driving while intoxicated, alleging both impairment and intoxication per se. TEX. PEN.CODE ANN. § 49.04(a) (Vernon 2003); *see* TEX. PENAL CODE ANN. § 49.01(2) (Vernon 2003).

Mechler filed a motion to suppress the results of his intoxilizer. During the suppression hearing, a technical supervisor for the department of public safety admitted she could not provide retrograde extrapolation testimony.[1] Moreover, the state conceded this point.[2] Such evidence would include Mechler's food intake, weight, alcohol tolerance, typical drinking pattern, elimination rate, and duration of his drinking spree.

The trial court granted Mechler's motion to suppress the intoxilizer results based on the danger of undue prejudice in the absence of retrograde extrapolation testimony. The trial court specifically cited *Mata v. State*, 46 S.W.3d 902 (Tex.Crim.App. 2001) and Texas rule of evidence 403 to support its ruling. IT also noted that its ruling was not based on the credibility of any witness.

## STANDARD OF REVIEW

■ A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999).[3] Where the application of the law to the facts does not revolve around an evaluation of credibility and demeanor, we decide *de novo* whether the trial court erred by misapplying the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). In the instant case, resolution of the suppression issues does not involve an evaluation of credibility, and facts relating to the suppression issues are undisputed. Therefore, we apply a *de novo* review. *See Dang v. State*, 99 S.W.3d 172, 179 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

## TRIAL COURT'S RELIANCE ON *MATA*

■ In two points of error, the State asserts that the trial court erred in suppressing the intoxilizer results. In its first point of error, the State argues that the trial court erred because it relied on inapplicable case law and ignored controlling precedent, contending that the trial court based its suppression order on an incorrect interpretation of the case law regarding admissibility of intoxilizer results. The State argues that the trial court erroneously read *Mata* to require retrograde extrapolation for the admission of intoxilizer results.

1. Retrograde extrapolation is the computation back in time to estimate the blood-alcohol level at the time of driving based on a test result from some time later. *Mata v. State*, 46 S.W.3d 902, 908–09 (Tex.Crim.App.2001).

2. The State's attorney mentioned that there might be a witness who would be able to provide the details required by *Mata* for a proper retrograde extrapolation. However, the State's brief focuses on the admissibility of intoxilizer results in the absence of retrograde extrapolation. Should the State produce such a witness, the *Mata* factors must be satisfied prior to admission of retrograde extrapolation testimony.

3. Appellee argues that the proper standard of review is abuse of discretion and that the trial court's ruling should be sustained if it is correct under any theory of law applicable to the case per *Romero v. State*, 800 S.W.2d 539 (Tex.Crim.App.1990). After reviewing the record, we find that the suppression ruling is *not correct* under any theory of law applicable to the case. Moreover, because the trial court entered findings of fact and conclusions of law, the "correct under any theory of law" precept is inapplicable to this case. *See State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000).

In the order suppressing Mechler's intoxilizer results, the trial court specifically noted the following:

Pursuant to the application of TEX.R. EVID. 403 and *Mata v. State*, 46 S.W.3d 902 (Tex.Crim.App.2001) to the facts of this case, the probative value of the breath test results in this case was substantially outweighed by the danger of unfair prejudice due to the State's inability to present breath test extrapolation evidence.

The issue in *Mata* was whether retrograde extrapolation testimony by the State's expert, George McDougall, was reliable under Texas Rule of Evidence 702. In that case, the Court of Criminal Appeals concluded that the trial court abused its discretion by admitting the testimony extrapolating Mata's intoxilizer results back to the time he was driving because it was unreliable. The court found the testimony unreliable because McDougall (1) contradicted himself; (2) failed to acknowledge contrary scientific evidence; (3) was inconsistent in his testimony; (4) erred in his mathematical calculations; and (5) acknowledged that all of his calculations were speculative. 46 S.W.3d at 914–15. However, the results of the intoxilizer were admissible. The Court of Criminal Appeals specifically declined to address the issue of whether extrapolation testimony is necessary to admit intoxilizer results:

[W]e are not addressing whether retrograde extrapolation is necessary in order for the State to prove a defendant guilty in a DWI case. Nor do we address whether test results showing a defendant's BAC at some time after the alleged offense are admissible at trial in the absence of retrograde extrapolation. Our only concern today is whether [the expert] reliably applied the science of retrograde extrapolation in Mata's case. *Id.* at 910.

The San Antonio Court of Appeals requires retrograde extrapolation testimony for the admission of intoxilizer results. In *Stewart v. State*, 103 S.W.3d 483 (Tex. App.-San Antonio 2003, pet. granted), the court reasoned that unextrapolated intoxilizer results were irrelevant, provided no evidence of whether the defendant drove while intoxicated, and required the jury to assume facts not in evidence.[4]

■ In an unpublished opinion, the Austin Court of Appeals stated that *Mata* does not hold that admissible retrograde extrapolation evidence is a predicate to admit intoxilizer results. *Ball v. State*, 2002 WL 1988250, at *3 (Tex.App.-Austin 2002, pet. ref'd) (not designated for publication).[5]

The Fort Worth Court of Appeals stated retrograde extrapolation is not required to admit intoxilizer test results if other evidence proves beyond a reasonable doubt that a person was intoxicated when the offense occurred. *Price v. State*, 59 S.W.3d 297, 300 (Tex.App.-Fort Worth 2001, pet. ref'd). In a subsequent unpublished opinion, the court found that a trial court did not err in allowing the admission of intoxilizer results without retrograde ex-

---

4. On petition for review, two of the three issues to be addressed by the Court of Criminal Appeals are whether (1) the San Antonio court erred by holding that the trial court improperly admitted appellant's intoxilizer test results and (2) intoxilizer test results are relevant and admissible in a driving while intoxicated case when the State offers no retrograde extrapolation testimony.

5. The effect of TEX.R.APP. P. 47.7, which provides for the citation to unpublished opinions even if they are of no precedential value, is to afford parties more flexibility in pointing out the reasoning employed in such opinions rather than simply arguing, without reference, the same reasoning. *See Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App.-Amarillo 2003, pet. ref'd).

trapolation when other evidence existed to indicate the appellant was intoxicated at the time he was driving his car. *Torres v. State,* 109 S.W.3d 602, 2003 WL 21283663, at *3 (Tex.App.-Fort Worth 2003, no pet.) (not designated for publication). The El Paso Court of Appeals stated that the argument regarding the necessity of retrograde extrapolation testimony has been rejected by the courts of this state. *Carrillo v. State,* 2003 WL 1889943, at *7 (Tex. App.-El Paso 2003, no pet.) (not designated for publication).

Although we are not bound by the above decisions,[6] we are persuaded by the preponderance of intermediate appellate courts that have addressed this issue subsequent to *Mata.* Because the Court of Criminal Appeals specifically left open the question of whether retrograde extrapolation must accompany intoxilizer results and *Mata* concerned the admissibility of expert testimony rather than test results, we find that *Mata* is inapplicable to the issues raised in the instant case. Accordingly, we hold that the trial judge erred in suppressing Mechler's intoxilizer results based on *Mata.*

## CONTROLLING PRECEDENT

The State also argues that the trial court ignored controlling precedent by allowing suppression of Mechler's intoxilizer results. In particular, the State asserts that the suppression order relying on *Mata* directly contravenes case law from this Court, from the Supreme Court of

Texas and from the Texas Court of Criminal Appeals.[7] Mechler counters that the cases the State advances pre-date *Mata* and are thus unavailing.

As discussed above, the issue in *Mata* was the admissibility of expert testimony under Texas Rule of Evidence 702. Mechler's argument that the cited cases predate *Mata* is inapposite because the Court of Criminal Appeals, in that case, explicitly decided not to address the issue of admissibility of intoxilizer results in the absence of extrapolation. Therefore, whether a case allowing intoxilizer results without extrapolation was decided prior to or subsequent to *Mata* is irrelevant.

Accordingly, if the trial court ordered suppression of Mechler's intoxilizer results while case law requires their admission, the State is correct in asserting that the trial court ignored controlling precedent. The admissibility of intoxilizer results in a DWI case is prescribed by statute. In a DWI case, evidence of alcohol concentration as shown by analysis of a specimen of the person's blood, breath, or urine or any other bodily substance taken at the request or order of a peace officer is admissible. TEX. TRANSP. CODE ANN. § 724.064 (Vernon 2003). Nothing in Texas's DWI statutory framework specifically mandates extrapolation evidence. *Mireles v. Tex. Dep't of Public Safety,* 9 S.W.3d 128, 130 (Tex.1999). In *Annis v. State,* the court dismissed the argument that an intoxilizer test administered one hour and twenty minutes after a defendant's arrest is of "no

---

6. In *Cannon v. State,* the Court of Criminal Appeals reaffirmed that "courts are not bound by decision of other courts of equal jurisdiction. The power to establish precedent is lodged in courts of superior jurisdiction." 691 S.W.2d 664, 679–80 (Tex.Crim.App. 1985).

7. The State cites the following as controlling authority for admission of intoxilizer results without retrograde extrapolation: *Forte v.*

*State,* 707 S.W.2d 89 (Tex.Crim.App.1986); *Annis v. State,* 578 S.W.2d 406, 407 (Tex. Crim.App.1979); *Dorsche v. State,* 514 S.W.2d 755, 756–57 (Tex.Crim.App.1974); *Mireles v. Tex. Dept. of Public Safety,* 993 S.W.2d 426 (Tex.App.-San Antonio 1999), *aff'd,* 9 S.W.3d 128 (Tex.1999); *Verbois v. State,* 909 S.W.2d 140 (Tex.App.-Houston [14th Dist.] 1995, no pet.).

meaning." 578 S.W.2d 406, 407 (Tex.Crim. App.1979). The court has also stated that it has never accepted the argument that intoxilizer results are irrelevant to show the subject's BAC at the time of the stop in the absence of retrograde extrapolation testimony. *Beard v. State,* 2002 WL 31116936, at \*4 (Tex.Crim.App.2002), *opin. withdrawn on reh'g,* 108 S.W.3d 304, 2003 WL 21350757 (Tex.Crim.App.2003).

We have previously held[8] that unextrapolated intoxilizer results were relevant, not unduly prejudicial, and admissible. *Verbois v. State,* 909 S.W.2d 140 (Tex. App.-Houston [14th Dist.] 1995, no pet.). In that case, we found intoxilizer results, taken two and one-half hours after a traffic accident, were (1) relevant to show the defendant had consumed alcohol prior to the accident and (2) not unduly persuasive because the State's expert witness testified that the test could not reliably determine defendant's BAC at the time of the accident and the defendant's expert testified that the test can have erroneous results.

■ In the instant case, Mechler performed the intoxilizer one and one-half hours after his arrest. The State has conceded that it does not possess the required information to perform a proper retrograde extrapolation. Mechler is not precluded from offering expert testimony regarding erroneous test results or on the theory that his BAC was actually lower while he was driving. For reasons of efficiency, fairness, and legitimacy, a court must adhere to its precedents. *Weiner v. Wasson,* 900 S.W.2d 316, 320 (Tex.1995). *Verbois* is a precedent that we are bound to follow. *Id.* The trial judge's suppression order contravenes the holding in that opinion.

The State's first point of error is sustained.

## TRIAL COURT'S RELIANCE ON RULE 403

■ In its second point of error, the State argues that the trial court erred by excluding Mechler's intoxilizer results based on Texas Rule of Evidence 403 because there was no substantial danger of unfair prejudice in clear disparity with the strong probative value of his high BAC an hour and a half after his arrest.

■ Although admissible, evidence may be excluded if its relevance is outweighed by a danger that it will unfairly prejudice, confuse, or mislead the jury, if its inclusion will result in undue delay, or if it is needlessly cumulative. Tex.R. Evid. 403. Rule 403 presumes the admissibility of all relevant evidence and authorizes a trial court to exclude this evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Mozon v. State,* 991 S.W.2d 841, 847 (Tex.Crim.App.1999). The relevant criteria in determining whether the prejudice of admitting evidence outweighs its probative value include the following: (1) how compellingly the evidence makes a fact of consequence more or less probable; (2) the potential the evidence has to impress the jury in an irrational but nevertheless indelible way; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the proponent's need for the evidence to prove a fact of consequence, *i.e.,* does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute. *Id.*

---

**8.** *See also Garcia v. State,* 112 S.W.3d 839, 848 (Tex. App.-Houston [14th Dist.] 2003, no pet. h.) (finding trial court did not err in refusing to suppress BAC test results in the absence of retrograde extrapolation).

(citing *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex.Crim.App.1991) (op. on reh'g)).[9]

In the information charging Mechler with misdemeanor DWI, the State alleged both impairment and intoxication per se. A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. Tex. Pen.Code Ann. § 49.04(a) (Vernon 2003). "Impairment" and "per se" are alternate definitions of "intoxication." Impairment means not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body. Tex. Pen.Code Ann. § 49.01(2)(A). To prove impairment, the State generally relies on eyewitness testimony and field sobriety tests. Per se intoxication is having an alcohol concentration of .08 or more. Tex. Pen.Code Ann. § 49.01(2)(B).[10] Per se is generally proved by the results of a breath test performed with an intoxilizer. Once the State proves a BAC of .08, the defendant is deemed intoxicated *at the moment the test is performed.* The State must still prove the defendant was intoxicated *while operating a motor vehicle.* See *Railsback v. State*, 95 S.W.3d 473, 479 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (a .08 blood alcohol level *at the time of driving* constitutes intoxication).

## ARE MECHLER'S INTOXILIZER RESULTS PROBATIVE EVIDENCE THAT HE WAS INTOXICATED WHEN HE TOOK THE TEST?

The Corpus Christi Court of Appeals has found intoxilizer results probative. *See Doyle v. State*, 24 S.W.3d 598, 601 (Tex.App.-Corpus Christi 2000, pet. ref'd) (finding no unfair prejudice that outweighs their clear probative value). The Austin Court of Appeals has found a BAC of .10 probative evidence of a loss of faculties. *Daricek v. State*, 875 S.W.2d 770, 773 (Tex. App.-Austin 1994, pet. ref'd). This Court has found intoxilizer results probative evidence that alcohol had been consumed. *Verbois*, 909 S.W.2d at 142. Mechler argues that the probative value of the intoxilizer results is slight in the absence of evidence showing the reliability of the scientific theory underlying retrograde extrapolation. In the first place, the Court of Criminal Appeals has stated that retrograde extrapolation can be reliable if the factors in *Mata* are satisfied. *Mata*, 46 S.W.3d at 915. The State, in this case, has conceded that it does not have the ability to meet those *Mata* factors and thus will not be presenting retrograde extrapolation evidence. Therefore, the scientific reliability of extrapolation theory is not an issue here. We conclude the intoxilizer results are probative as to both the per se and the impairment definition of intoxication.

## WILL THE JURY BE IMPRESSED IN AN IRRATIONAL WAY?

The jury must determine whether Mechler was intoxicated while he was driving. His intoxilizer results will only show that he was intoxicated, according to the per se definition, when he performed the intoxilizer test. A jury must still be convinced beyond a reasonable doubt that an inference can be made from the results of the

9. *Montgomery* dealt specifically with the admissibility of extraneous offenses under Tex.R. Evid. 404(b), but its pronouncements regarding Tex.R. Evid. 401, Tex.R. Evid. 402, and Tex.R. Evid. 403 are applicable when addressing the admissibility of evidence in general. *Long v. State*, 823 S.W.2d 259, 271 (Tex.Crim. App.1991).

10. Previously, the blood-alcohol legal limit was .10. Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3696, amended by Act of May 28, 1999, 76th Leg., R.S., ch. 234, § 1, 1999 Tex. Gen. Laws 1082 (revising legal limit to .08).

chemical test that a defendant had a .10 alcohol concentration in his body at the time of the offense. *Owen v. State,* 905 S.W.2d 434, 439 (Tex.App.-Waco 1995, pet. ref'd) (citing *Forte v. State,* 707 S.W.2d 89, 93 (Tex.Crim.App.1986)). A properly worded instruction that the State must prove the defendant was intoxicated while driving would be appropriate. *Cf. Bagheri v. State,* 87 S.W.3d 657, 659 (Tex.App.-San Antonio 2002, pet. granted) (en banc).

We have previously held that testimony about limits of the intoxilizer for determination of alcohol level at the time of driving, in addition to the defendant's expert testimony regarding possible erroneous test results, "eliminated the potential for undue persuasiveness." *Verbois,* 909 S.W.2d at 142. Contrary to Mechler's assertion, the jury will not be confused or misled in the absence of evidence regarding the scientific reliability of retrograde extrapolation. Because the State will not present retrograde extrapolation evidence, the jury will not have a chance to be misled by it.

We find that admission of Mechler's intoxilizer results will not tend to impress the jury in an irrational way if the trial court correctly instructs the jury that, in order to convict him, it must find both that Mechler was intoxicated and that he drove while intoxicated.

## WILL THE STATE REQUIRE AN IN-ORDINATE AMOUNT OF TIME TO DEVELOP THE INTOXILIZ-ER EVIDENCE?

■ The State may prove Mechler was intoxicated while he was driving either by presenting evidence that he lost his faculties due to the introduction of alcohol or he had a BAC of .08 or more at the time of the offense. The proof needed to show the "loss of faculties" offense and the "per se" offense are not mutually exclusive. *Owen,*

905 S.W.2d at 438 (citing *Daricek,* 875 S.W.2d at 772). Clearly, a test showing that blood had a .10 alcohol concentration is probative evidence of a loss of faculties. *Id.* Conversely, evidence of his failure to pass field sobriety tests immediately after driving his vehicle tends to make it more probable that the failed blood test or breath test taken an hour later accurately reflect the driver's condition at the time of the offense. *Id.*

Mechler argues that the State will need to devote time to develop the reliability of its extrapolation evidence. Again, during the suppression hearing, the State acknowledged its inability to present retrograde extrapolation evidence in compliance with the *Mata* test. Because it will not present extrapolation testimony, the State will not require any time to develop its reliability. Because Mechler's intoxilizer results are evidence of his intoxication under both the impairment and the per se definitions of intoxication and because the State will not devote any time to explaining the theory of retrograde extrapolation, we find an undue amount of time will not be required to develop the intoxilizer evidence.

## DOES THE STATE NEED THE EVIDENCE?

The State may attempt to prove Mechler was intoxicated by introducing his intoxilizer results or eyewitness testimony regarding his loss of faculties. The arresting officer, Deputy Golden, testified that he witnessed Mechler roll through a stop sign and drive erratically and that he smelled alcohol emanating from Mechler's vehicle and breath. Deputy Golden also testified that Mechler had trouble with divided attention tasks, failed field sobriety tests, and admitted to drinking "a little." Nevertheless, the State maintains its need for the intoxilizer results to prove Mechler

had introduced alcohol into his system and to preclude the jury from entertaining the notion he had only "a little" to drink. Mechler contends the arresting officer's testimony that he (1) failed field sobriety and horizontal gaze nystagmus tests and (2) smelled of alcohol is adequate evidence to prove this fact of consequence. We agree with Mechler that the State's need for this probative evidence is "not great" because it has other probative evidence to establish the fact of his intoxication.

After balancing the above factors, and following *Verbois* and the majority of intermediate appellate courts that have addressed this issue in DWI cases, we conclude that there is not a clear disparity between the degree of prejudice of unextrapolated intoxilizer results taken one and one-half hours after arrest and their probative value. The State's second point of error is sustained.

Accordingly, we hold that the trial court erred in suppressing the results of the intoxilizer test based on Texas Rule of Evidence 403.

The judgment of the trial court is reversed.