IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0075-04






THE STATE OF TEXAS



v.



MATTHEW REID MECHLER, Appellee





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


FORT BEND COUNTY





 Keasler, J., delivered the opinion of the Court in which Keller, P.J., and Womack,
Johnson, Hervey, and Holcomb, JJ., joined. Meyers, J., filed a concurring opinion.
Cochran, J., filed a concurring opinion in which Meyers, Price and Johnson, JJ. joined. 



O P I N I O N 


 

 After hearing testimony on Matthew Mechler's pretrial motion, the judge suppressed
his intoxilyzer results, relying on Mata v. State (1) and Texas Rule of Evidence 403. Reviewing
the case de novo, the Court of Appeals reversed the trial court by holding that Mata was
inapplicable and Rule 403 was misapplied. We agree with the Court of Appeals's result but
find error in its failure to review for an abuse of discretion. Nevertheless, we affirm its
judgment.I. Factual and Procedural History


 Deputy Clarence Golden pulled Mechler over upon observing him commit various
traffic violations, including running off the road in executing a sweeping turn, rolling through
a stop sign, and other erratic movements. Upon approaching Mechler's vehicle, Deputy
Golden detected an odor of alcohol and noticed Mechler's movements were slow and
sluggish in complying with his request for Mechler's driver's licence and insurance. When
asked if he had been drinking, Mechler stated, "A little." After administering field-sobriety
tests, Golden concluded Mechler was intoxicated and placed him under arrest. Nearly an
hour and a half later, Mechler gave a breath sample indicating a blood alcohol concentration
(BAC) of .165. The State's information charged Mechler with driving while intoxicated,
alleging intoxication under both an impairment definition, which is the loss of his mental and
physical faculties, and a per se definition, or having a blood alcohol concentration of at least
.08.

 Mechler filed a motion to suppress the intoxilyzer results on two grounds. First,
Mechler argued the State was unable to offer retrograde extrapolation testimony because its
expert could not testify on the requisite factors outlined by our decision in Mata v. State. (2) 
Second, he claimed the intoxilyzer results were irrelevant under Rule 401, or alternatively,
inadmissable under Rule 403 because their probative value was substantially outweighed by
the danger of unfair prejudice. 

 At the suppression hearing, the trial court heard testimony from Deputy Golden, an
officer who administered the breath test, and a technical supervisor employed by the Texas
Department of Public Safety. Deputy Golden testified to his observations and conclusions
concerning Mechler's intoxication. His testimony included the reason for the initial stop, the
smell of alcohol when he approached Mechler, and Mechler's inability to perform various
field-sobriety tests. Deputy Ressler testified to the administration of the breath test and was
examined on his understanding of the intoxilyzer's mechanics and tolerances. The trial court
also heard testimony from Technical Supervisor Barbosa. After admitting she was unable
to testify on the necessary Mata factors, the State conceded its inability to present
extrapolation testimony. 

 The trial court ordered the intoxilyzer results suppressed. The trial court's order
stated, 

 Pursuant to the application of Texas Rule of Evidence 403 and State v. Mata,
[citation omitted] to the facts of this case, the probative value of the breath test
results in this case was substantially outweighed by the danger of unfair
prejudice due to the State's inability to present breath test extrapolation
evidence.

 

The court further stated, "All of the witnesses who testified were credible and this Court did
not base its decision upon the credibility of the witnesses." The State appealed. II. Court of Appeals

 The Court of Appeals reviewed the suppression order de novo. (3) In applying Guzman
v. State, (4) the court reasoned that a de novo standard of review was proper because the trial
court's decision did not involve an evaluation of credibility and the facts concerning the
suppression issues were undisputed. (5) The Court of Appeals found error in suppressing the
intoxilyzer results based on Mata because the Mata decision was inapplicable to this case. (6)
After applying the Montgomery factors for analyzing a trial court's Rule 403 ruling, the court
further held the trial court erred in suppressing the test results under Rule 403. (7) We granted
Mechler's petition for discretionary review to address whether the Court of Appeals erred
in reversing the trial court's suppression of Mechler's breath-test results which was based on
(1) Texas Rule of Evidence 403 and (2) Mata v. State.

III. Analysis


A. Mata


 We begin with Mata. The Court of Appeals held that Mata was inapplicable to this
case because Mata addressed only "the admissibility of expert testimony rather than test
results." (8) We agree. Mata addressed the necessary factors needed to establish the reliability
of expert testimony on retrograde extrapolation. (9) In Mata, we stated that

 we are not addressing whether retrograde extrapolation is necessary in order
for the State to prove a defendant guilty in a DWI case. Nor do we address
whether test results showing a defendant's BAC at some time after the alleged
offense are admissible at trial in the absence of retrograde extrapolation. (10)


The trial court erred in suppressing the intoxilyzer results based on Mata. 

B. Rule 403


1. Standard of Review


 Mechler alleges that the Court of Appeals erred in evaluating the trial court's
suppression order de novo. While acknowledging that an order on a motion to suppress is
normally reviewed for an abuse of discretion, the Court of Appeals concluded that a de novo
standard is appropriate because there were no disputed issues and no need to observe the
credibility and demeanor of witness testimony. (11) We disagree.

 We have long held that a trial court is entitled to broad discretion in ruling on a Rule
403 objection. (12) In Montgomery v. State, (13) we noted two significant rationales for this broad
discretion. First, Rule 403's language implies that a determination under this rule is
inherently discretionary with the trial court. (14) Rule 403 provides, in pertinent part, that
relevant evidence "may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice." (15) The inclusion of the word "may" displays the drafter's intent
to vest the trial courts with substantial discretion. (16) Second, the trial court is in a superior
position to evaluate the impact of the evidence. (17) Unlike the trial court, an appellate court
"'cannot weigh on appeal ... the intonation and demeanor of the witnesses preceding the
testimony in issue ... nor can we determine the emotional reaction of the jury to other pieces
of evidence ....'" (18) 

 In Guzman, we held that an appellate court may review de novo mixed questions of
law and fact not involving an evaluation of credibility and demeanor. (19) But we
acknowledged that an abuse-of-discretion review is still the proper standard on a trial court's
evidentiary ruling. (20) We explained that an appellate court's review of a trial court's
evidentiary rulings generally does not involve mixed questions of law and fact. (21)

 It is true that the trial court stated, "All witnesses who testified were credible and this
Court did not base its decision upon the credibility of the witnesses." But a statement in a
trial judge's findings of fact and conclusions of law regarding the role witness credibility
played in its decision cannot determine an appellate court's standard of review. The court's
inclusion of this sentence in its findings does not grant it the ability to control how its rulings
will be reviewed. 

 Finally, the fact that this Rule 403 contention was before the court in the form of a
pretrial motion to suppress does not change the standard of review on appeal. When an
objection on 403 grounds is raised at trial, we review the judge's ruling for an abuse of
discretion. (22) In this case, the temporal or procedural posture of Mechler's attempts to
suppress the test results does not warrant different treatment or a deviation from the
established abuse-of-discretion review. We find the principles set out in Montgomery and
its progeny are advanced in this situation by applying an abuse-of-discretion standard. 

 The test for whether the trial court abused its discretion is whether the action was
arbitrary or unreasonable. (23) An appellate court should not reverse a trial judge whose ruling
was within the zone of reasonable disagreement. (24) We turn now to the trial court's remaining
ground for suppressing the test results to determine if the court abused its discretion. 


2. Application


 A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the
probative value of the evidence; (2) the potential to impress the jury in some irrational yet
indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for
the evidence. (25) The fact that this Rule 403 determination occurred pretrial in the form of a
motion to suppress does not alter either an appellate or trial court's use of the factors outlined
in Montgomery. But in such instances a trial court often will not have enough information
before it to adequately apply these factors and assess whether the contested evidence's
probative value is substantially outweighed by its prejudicial effects. In this case, the trial
court heard sufficient testimony at the suppression hearing necessary to properly evaluate the
motion on Rule 403 grounds.


Probative Value

 

 The first factor looks to the evidence's probativeness or how compellingly the
evidence serves to make a fact of consequence more or less probable. (26) The Court of
Appeals held that the intoxilyzer results were probative of intoxication under both the per
se and impairment definitions of intoxication. (27) We agree. 

 We recently held that intoxilyzer results are probative without retrograde extrapolation
testimony. (28) Mechler's intoxilyzer results indicate that Mechler had consumed alcohol. As
a result, they tend to make it more probable that he was intoxicated at the time of driving
under both the per se and impairment definitions of intoxication. Mechler concedes that this
factor weighs in favor of admissibility. 

Irrational Impression


 The second factor asks whether the evidence has the potential to impress the jury in
some irrational but indelible way. The Court of Appeals found the admission of Mechler's
intoxilyzer results would not tend to impress the jury in an irrational way if the trial court
instructed the jury to find guilt only if it found that Mechler was intoxicated at the time of
driving. (29) We agree with the Court of Appeals's ultimate decision on this factor, but we
reach our conclusion on different grounds. 


 Rule 403 does not exclude all prejudicial evidence. It focuses only on the danger of
"unfair" prejudice. (30) "Unfair prejudice" refers only to relevant evidence's tendency to tempt
the jury into finding guilt on grounds apart from proof of the offense charged. (31) Here, the
intoxilyzer results are undoubtedly prejudicial to Mechler, but they are not unfairly
prejudicial because this evidence relates directly to the charged offense. (32) This contested
evidence does not have a great potential to impress the jury in an irrational way. (33) 

Time to Develop

 

 The third factor looks to the time the proponent will need to develop the evidence,
during which the jury will be distracted from consideration of the indicted offense. The
Court of Appeals found that developing the evidence would not require an undue amount of
time. The court reasoned that the intoxilyzer results are evidence of intoxication under both
intoxication definitions and the proof under each definition is not mutually exclusive. (34) The
court stated

 [c]learly, a test showing that blood had a .10 alcohol concentration is probative
evidence of a loss of faculties. Conversely, evidence of his failure to pass field
sobriety tests immediately after driving his vehicle tends to make it more
probable that the failed blood test or breath test taken an hour later accurately
reflect the driver's condition at the time of the offense. (35)


The Court of Appeals also supported its holding by stating the State will not need an undue
amount of time devoted to presenting the evidence because the State will not need to explain
the reliability of retrograde extrapolation. (36) The injection of retrograde extrapolation and the
State's need to present the extrapolation into this factor analysis is irrelevant to the
disposition of this issue. The disputed evidence, and the subject of the motion to suppress,
is the intoxilyzer results and not the retrograde extrapolation. 

 The more significant issue here is whether the jury would be distracted from
consideration of the charged offense during the time needed to present the intoxilyzer results. 
Like the second factor's analysis, the charged offense charges Mechler with driving while
intoxicated. Because the intoxilyzer results relate directly to the charged offense, a jury
could not be distracted away from the charged offense regardless of the required time to
present the results. (37) 

Need for the Evidence


 The fourth factor focuses on the proponent's need for the evidence. This last factor
encompasses the issues of whether the proponent has other evidence establishing this fact

 and whether this fact is related to a disputed issue. (38) Based on the suppression hearing
testimony, the Court of Appeals found this factor weighed in favor of exclusion because the
State had other probative evidence to establish Mechler's intoxication. (39) We agree.

 The trial court heard testimony from the arresting officer sufficient to dispel the
argument for any "great need" of the test results. Officer Golden testified that Mechler rolled
through a stop sign and was driving erratically. He further testified that he smelled alcohol
on Mechler's breath and when he approached Mechler's car. Mechler admitted to drinking
"[a] little" alcohol and failed field-sobriety tests. In light of this other evidence probative of
Mechler's intoxication, the State does not have a great need for the test results. 


 In evaluating all of the Montgomery factors, we hold the sum of the factors weigh in
favor of admissibility. The trial court abused its discretion in suppressing Mechler's test
results on Rule 403 grounds. IV. Conclusion

 The Court of Appeals erred in applying a de novo standard of review instead of
reviewing for an abuse of discretion. We find that the trial court erred in suppressing the test
results under Mata because it is inapplicable to the facts here. After applying the
Montgomery factors, we find the factors weigh in favor of admissibility and the trial court
erred in suppressing the intoxilyzer results. Therefore, we affirm the judgment of the Court
of Appeals. 

DATE DELIVERED

PUBLISH
1. 46 S.W.3d 902 (Tex. Crim. App. 2001).
2. Id. at 902. 
3. Mechler v. State, 123 S.W.3d 449, 451 (Tex. App.--Houston [14th Dist.] 2003).
4. Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997).
5. Mechler, 123 S.W.3d at 451.
6. Id. at 451-53.
7. Id. at 454-58.
8. Id. at 453.
9. Mata, 46 S.W.3d at 910.
10. Id.
11. Mechler, 123 S.W.3d at 451.
12. See Manning v. State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).
13. Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990).
14. Id.
15. Tex. R. Evid 403.
16. Manning, 114 S.W.3d at 926.
17. Montgomery, 810 S.W.2d at 378-79.
18. Id. at 379 (citing United States v. Robinson, 560 F.2d 507, 512-16 (2d Cir. 1977)).
19. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
20. Id.
21. Id.
22. See, e.g., Erazo v. State, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); Manning,
114 S.W.3d at 926; Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).
23. Manning, 114 S.W.3d at 926.
24. Id.; Montgomery, 810 S.W.2d at 380.
25. Erazo, 144 S.W.3d at 489; Montgomery, 810 S.W.2d at 389-90 (op. on reh'g).
26. Manning, 114 S.W.3d at 928.
27. Mechler, 123 S.W.3d at 455.
28. Stewart v. State, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004).
29. Mechler, 123 S.W.3d at 456.
30. Manning, 114 S.W.3d at 927; see Tex. R. Evid. 403.
31. Manning, 114 S.W.3d at 928.
32. See id.
33. Id.
34. Mechler, 123 S.W.3d at 456.
35. Id. (citations omitted).
36. Id.
37. See Manning, 114 S.W.3d at 928.
38. Id.
39. Mechler, 123 S.W.3d at 456-57.